CHINA UNITED LAMP COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 82050. Promulgated July 19, 1938.

*J. B. Allman, Esq.*, for the petitioner.
*G. W. Brooks, Esq.*, for the respondent.

112

**OPINION.**

TURNER: Counsel for petitioner argues on brief that respondent erred in disallowing the deductions referred to in our findings of fact. He states that the deductions were denied pursuant to respondent's regulations dealing with domestic corporations and argues that such regulations are not applicable to corporations organized under the China Trade Act. He states that business conditions and methods of doing business in China are different, that such corporations should be set apart and dealt with as a special class, and argues that Congress did not intend that the same regulations should be applicable in determining its net income.

An examination of the amended petition shows that petitioner did not make a clear and concise allegation of error in respect of the deductions disallowed by the respondent and there was no evidence

offered at the hearing relative thereto. A fair interpretation of the petition leads to the conclusion that petitioner did not intend to raise any such issue, and the Board and the courts have held in numerous cases that our jurisdiction is limited to issues raised by the pleadings. *North American Coal Corporation*, 28 B. T. A. 807; and *Hanby* v. *Commissioner*, 67 Fed. (2d) 125. In any event, however, petitioner's position is clearly in conflict with the provisions of the China Trade Act, 1922, as amended, which provides under the title dealing with "Federal taxation", as follows:

SEC. 25. That section 2 of the Revenue Act of 1921 is amended by adding at the end thereof a new paragraph to read as follows:

"(12) A corporation organized under the China Trade Act, 1922, shall, for the purposes of this Act, be considered a domestic corporation." [See also sec. 1111 (a), (4), Revenue Act of 1932.]

Article 1151 of Regulations 77, promulgated pursuant to the Revenue Act of 1932, provides as follows:

ART. 1151. *Income of China Trade Act corporations.*—The items of gross income to be included in the return of a corporation organized under the China Trade Act and the deductions allowable are the same as in the case of other domestic corporations.

The petitioner's principal contention is that, after respondent recomputed its net income by restoring the items mentioned above, he erred in failing "to allow the entire dividend paid to the stockholders by this corporation as a tax credit against the tax that would otherwise have been imposed upon the corporation." In other words, the petitioner contends that the amount of the tax imposed should have been diminished by reason of the "general" dividend as well as the "special" dividend. On this point the statute is plain and unambiguous.

Section 261 of the Revenue Act of 1932 [1] (sec. 245, China Trade

---

[1] SEC. 261. CREDIT AGAINST NET INCOME.

(a) ALLOWANCE OF CREDIT.—For the purpose only of the tax imposed by section 13 there shall be allowed, in the case of a corporation organized under the China Trade Act, 1922, in addition to the credit provided in section 26, a credit against the net income of an amount equal to the proportion of the net income derived from sources within China (determined in a similar manner to that provided in section 119) which the par value of the shares of stock of the corporation owned on the last day of the taxable year by (1) persons resident in China, the United States, or possessions of the United States, and (2) individual citizens of the United States or China wherever resident, bears to the par value of the whole number of shares of stock of the corporation outstanding on such date: *Provided,* That in no case shall the amount by which the tax imposed by section 13 is diminished by reason of such credit exceed the amount of the special dividend certified under subsection (b) of this section.

(b) SPECIAL DIVIDEND.—Such credit shall not be allowed unless the Secretary of Commerce has certified to the Commissioner—

(1) The amount which, during the year ending on the date fixed by law for filing the return, the corporation has distributed as a special dividend to or for the benefit of such persons as on the last day of the taxable year were resident in China, the United States, or possessions of the United States, or were individual citizens of the United States or China, and owned shares of stock of the corporation;

(2) That such special dividend was in addition to all other amounts, payable or to be payable to such persons or for their benefit, by reason of their interest in the corporation; * * *

Act, 1922) provides that for the purpose of the tax imposed there shall be allowed, in the case of corporations organized under the China Trade Act, a credit against net income of an amount equal to the net income derived from sources within China, provided that in no case shall the amount of the tax diminished by reason of such credit exceed the amount of the special dividend certified under subsection (b) of this section. Subsection (b), "Special Dividend", provides that such credit shall not be allowed unless the Secretary of Commerce has certified to the respondent the amount which, during the year ending on the date fixed by law for filing the return, the corporation has distributed as a special dividend to or for the benefit of its stockholders, and that such special dividend was in addition to all other amounts distributed to its stockholders.

There is no dispute as to the amount actually distributed by petitioner under its special dividend, and there is no dispute as to the correctness of the certificate issued by the Department of Commerce. Petitioner implies that its contention is not strictly in keeping with the letter of the statute, but counsel argues on brief that the resolution adopted by its stockholders relating to the special dividend was "elastic" in that its officers were authorized to pay a special dividend in an amount equal "to the amount of income tax which the corporation would otherwise have to pay", and that if the general dividend can not be allowed as a tax saving dividend without certification from the Secretary of Commerce, "then this petitioner should be allowed to amend its income tax return in accordance with the Treasury findings with respect to the net income, and then amend same as to the payment of the tax saving dividend."

There would be no basis in law or fact for the amendment of the return as to the payment of the tax saving dividend. The respondent's determination herein allows to the peititoner as a credit the full amount of the special tax saving dividend actually paid by the petitioner and certified by the Secretary of Commerce as having been paid. By the provisions of the statute the allowance of the credit by the respondent is dependent upon the certification by the Secretary of Commerce of the payment of the special tax saving dividend and the Secretary of Commerce is authorized to certify to the Commissioner only "the amount which, during the year ending on the date fixed by law for filing the return, the corporation has distributed as a special dividend." The admitted facts are that the petitioner distributed as a special dividend only the amount of $1,076.11 and there is no provision of law which would permit the certification by the Secretary of Commerce, or the allowance as a credit by the Commissioner of Internal Revenue, of any amount in excess of the amount actually paid as such special dividend.

The provisions of the statute are plain and unambiguous. The debates in the Senate relating to the conference report on the House Bill (Congressional Record, September 13, 1922, vol. 62, part 12, p. 12433) indicate that Congress intended a "carefully guarded tax exemption." While we realize that it was possible for petitioner to have arranged its affairs so as to have been completely exempt from income tax, the test is what was done rather than what could or should have been done. *United States* v. *Phellis*, 257 U. S. 156. As the Supreme Court said in *Weiss* v. *Stearn*, 265 U. S. 242, "Questions of taxation must be determined by viewing what was actually done, rather than the declared purpose of the participants * * *." Counsel for petitioner implies on brief that petitioner has been caught in a "legal net" through no fault of its own, but we find nothing in the statute or in the regulations which would prevent such a corporation from including in its special dividend an amount sufficient to cover deficiencies arising from the disallowance of doubtful deductions. After having failed to do so, petitioner asks that it be permitted to rearrange its affairs so as to escape the predicament in which it finds itself, but, as we have already pointed out, such action is not permitted by the statute.

*Decision will be entered for the respondent.*