Karatzas Brothers, Federal Inc., U.S.A. v. Commissioner.
Karatzas Bros., Fed. Inc. v. Commissioner
Docket No. 101387.
United States Tax Court
1942 Tax Ct. Memo LEXIS 59; 1 T.C.M. (CCH) 168; T.C.M. (RIA) 42629; December 3, 1942
*59 O. deM. Walker, Esq., and J. B. Allman, for the petitioner. E. M. Woolf, Esq., for the respondent. SMITH Memorandum Opinion SMITH, J.: This is a proceeding for the redetermination of deficiencies in income and excess profits tax for the calendar years 1937 and 1938 as follows: 6% Interest to
Year
Deficiency
Nov. 2, 1939
INCOME TAX
1937
$ 601.51
$58.92
1938
2,026.27
76.91
6% Interest to
Year
Deficiency
Nov. 2, 1939
EXCESS PROFITS TAX
1937
$ 546.83
$53.56
1938
1,674.60
63.56
The petitioner contends that the respondent erred in his determination of the deficiencies by disallowing a credit for tax-saving dividends paid during the calendar years 1937 and 1938 of amounts equalling the net income of the corporation for each of those years and otherwise in determining any deficiency against the petitioner. [The Facts] The petitioner is a China Trade Act corporation organized on July 21, 1936, under the China Trade Act, 1922, as amended, with its principal office at Rue de Paris 24 and 26, Tientsin, China. The resident agent of the petitioner is J. B. Allman, of Washington, D.C.The corporation's returns for the years 1937 and 1938 were *60 filed with the collector of internal revenue for the district of Maryland. The net incomes as disclosed by the returns for the calendar years 1937 and 1938 were $4,556.88 and $13,955, respectively. In the determination of the deficiencies the respondent did not increase the net incomes reported. In those returns the corporation claimed credits for special dividends equalling the amounts of the net income and showed no income or excess profits tax to be due. The respondent disallowed these credits "inasmuch as the Secretary of Commerce has not furnished certification as required by Section 262 (b) of the Revenue Act of 1936." The deficiency notice was mailed to the petitioner under date of November 14, 1939, and this appeal was duly filed on February 7, 1940. At the hearing of this proceeding counsel for the respondent conceded that under date of April 9, 1941, the Secretary of Commerce had certified that the petitioner "distributed a special dividend on March 11, 1938, to persons resident in China, the United States, or possessions of the United States, and individual citizens of the United States or China, wherever resident," of 15,000 Chinese dollars. The respondent concedes therefore *61 that the petitioner is entitled to credit for 1937 for the special dividend paid. He concedes that the dividend converted into American dollars at the exchange rate of.292916 at the date of payment is in the amount of $4,393.74. He now contends that the correct deficiency in income tax for 1937 is $21.53 and in excess profits tax $19.58. The China Trade Act, 1922, as amended, provides in sections 14, 15, and 16 a procedure for the revocation of certificate of incorporation of a corporation organized under such Act. Pursuant to this provision of law the China Trade Act Registrar caused a proceeding to be brought in the name of the United States of America against the petitioner in the United States Court for China for the revocation of the charter. By a decree entered by that court on March 29, 1938, it was ordered, adjudged and decreed as follows: (1) That the Certificate of Incorporation of Karatzas Brothers, Federal Inc., U.S.A. is cancelled and revoked; (2) That George D. Happer, Roy G. Allman and Emil S. Fischer as trustees, unconditionally convey, transfer and deliver to Mertikas Canellakis and Stanatios C. Canellakis as tenants in common in equal right all of the real and *62 personal property of the defendant corporation of whatever nature and wherever situated and in whatever manner now held by or for the benefit of the defendant corporation; (3) That the said trustees shall make report to this court within five (5) days from the entry of this Decree showing full compliance with the foregoing paragraph numbered Two (2) and showing specifically in what manner the said transfer and delivery has been effected by them; (4) That the Court reserves jurisdiction over the subject matter and the assets of said corporation and the parties herein in order to enforce obedience to this Decree and in order to insure the payment of all obligations of the corporation which have accrued to the defendant from the date of the entry of this Decree; (5) The said trustees shall make report to this court within thirty (30) days herefrom showing that the said obligations mentioned in the foregoing paragraph have been paid and the said trustees shall not be discharged until the further order of this court; (6) That the costs of this proceeding be paid by the defendants. Pursuant to the provisions of the decree all of the assets of the corporation were turned over to the *63 two Greek brothers who at the time owned all of the shares of stock of the petitioner. They were not citizens of the United States but were citizens of Greece, resident in China. The trustees were discharged by the court in the early part of 1938. [Opinion] The petitioner contends that since the United States Court for China had jurisdiction of that proceeding, and since all of the assets of the corporation were turned over to the Greek brothers, there are no assets in the hands of the trustees from which any tax can be paid and that since the court made no provision for the payment of any tax no tax is legally due. The petitioner further contends that the decree entered by the United States Court for China is tantamount to a holding that the petitioner never had a legal existence as a corporation organized under the China Trade Act. This contention can not be granted. So far as appears from the record the petitioner did have a legal existence as a China Trade Act corporation from the date of its organization to the date of the revocation of its charter. The petitioner makes the further contention that the Secretary of Commerce has erred in failing to certify to the respondent *64 that a special dividend as provided for by the China Trade Act was paid within the year 1938 which relieves the petitioner from tax. A corporation organized under the provisions of the China Trade Act, 1922, as amended, is liable to income tax as a domestic corporation. The corporation is to be relieved from tax only in case it pays a special dividend. Section 262 of the Revenue Acts of 1936 and 1938 provides as follows: (b) Special Dividend. - Such credit shall not be allowed unless the Secretary of Commerce has certified to the Commissioner - (1) The amount which, during the year ending on the date fixed by law for filing the return, the corporation has distributed as a special dividend to or for the benefit of such persons as on the last day of the taxable year were resident in China, the United States, or possessions of the United States, or were individual citizens of the United States or China, and owned shares of stock of the corporation; (2) That such special dividend was in addition to all other amounts, payable or to be payable to such persons or for their benefit, by reason of their interest in the corporation; and (3) That such distribution has been made to or for *65 the benefit of such persons in proportion to the par value of the shares of stock of the corporation owned by each; except that if the corporation has more than one class of stock, the certificates shall contain a statement that the articles of incorporation provide a method for the apportionment of such special dividend among such persons, and that the amount certified has been distributed in accordance with the method so provided. (c) Ownership of Stock. - For the purposes of this section shares of stock of a corporation shall be considered to be owned by the person in whom the equitable right to the income from such shares is in good faith vested. (d) Definition of China. - As used in this section the term "China" shall have the same meaning as when used in the China Trade Act, 1922. The petitioner does not contend that this Court does not have jurisdiction of the proceeding here in question. It contends that it does. It contends further that this Court must hold that there are no deficiencies due for the year 1938 by reason of a special dividend which took the form of a liquidating dividend. The Secretary of Commerce has refused to issue a certificate upon the ground that no *66 special dividend as contemplated by section 262 was paid in 1938. The petitioner argues that the Secretary of Commerce should have certified a special dividend and that we must find a special dividend was paid equalling the amount of the net income of the corporation for 1938. We think it clear that this Court has no authority to determine whether the claimed liquidating dividend was a special dividend within the meaning of section 262 of the Revenue Acts of 1936 and 1938. Without the certificate from the Secretary of Commerce neither the Commissioner nor this Court has any authority to determine that a special dividend was paid. The certificate from the Secretary of Commerce is a condition precedent to the granting of the credit. See China United Lamp Co., 38 B.T.A. 111. The proof clearly shows that the Secretary of Commerce has not issued any certificate showing the payment of a special dividend by the petitioner in 1938. Decision will be entered under Rule 50.